UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DURRELL DAVIS,<br>    Petitioner,<br><br>v.<br><br>WARDEN, HAMILTON COUNTY<br>JUSTICE CENTER,<br>    Respondent. | Case No. 1:21-cv-433<br><br>McFarland, J.<br>Bowman, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Petitioner, a pretrial detainee at the Hamilton County Justice Center, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petition is brought in connection with petitioner's pending criminal charges in Hamilton County Court of Common Pleas case number B-1901397. Petitioner asserts a violation of his speedy trial rights. (*See id.* at PageID 6). As relief, petitioner requests that the pending criminal charges be dismissed. (*Id.* at PageID 7; Doc. 4 at PageID 26).

On July 7, 2021, the undersigned issued an Order for petitioner to show cause why this action is not subject to dismissal for lack of exhaustion and because petitioner's requested relief—dismissal of the charges pending against him—is not properly brought in a pretrial § 2241 petition. (Doc. 3). Petitioner has responded to the Order. (Doc. 4).

As noted in the Court's prior Order, a pretrial detainee who has exhausted all available state remedies as a prelude to seeking federal habeas relief may file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *see also Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981). However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and

immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971).  Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity.  *Atkins*, 644 F.2d at 546.  Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances.  *Braden*, 410 U.S. at 489 (1973); *Atkins*, 644 F.2d at 546.  Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief.  *See, e.g., Braden*, 410 U.S. at 490; *Atkins*, 644 F.2d at 546.

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989).  *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky*, Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones*, No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3 (E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr.

17, 2009). None of those exceptions apply here.[1] Petitioner's claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings.

In any event, even assuming, *arguendo*, that extraordinary circumstances exist to justify this Court's intervention in the ongoing state criminal proceedings, it appears that it is subject to dismissal because petitioner has not exhausted his available state court remedies before applying for federal habeas corpus relief. A review of the Hamilton County Clerk of Court online docket records indicates that petitioner raised his speedy trial claim in a motion to dismiss filed in the trial court on April 26, 2021 and the motion remains pending.[2] It therefore appears that petitioner has not exhausted his available state court remedies prior to filing the instant petition. Moreover, as noted above, petitioner does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather he asserts the claim in an effort to have the pending criminal charges dismissed. *See Atkins*, 644 F.2d at 546-47 (pretrial consideration of an exhausted speedy trial claim was proper where the petitioner sought a prompt trial date, as opposed to dismissal of the charges, as relief); *Hairston v. Franklin Cnty. Court of Common Pleas*, No. 2:17-cv-353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017) ("a federal court may issue an order requiring a state to promptly bring a petitioner to trial after a petitioner has exhausted all state remedies available to him on that issue. On the other hand, on the basis of comity considerations, federal courts abstain from exercising habeas jurisdiction where a petitioner

---

[1] As noted below, petitioner does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather he asserts the speedy trial claim in an effort to have the pending criminal charges dismissed.

[2] The docket records further indicate that on June 10, 2021 petitioner's case was continued at the request of petitioner until July 15, 2021 and petitioner was released on his own recognizance. On August 24, 2021, his case was continued again until September 9, 2021 at the request of petitioner. Viewed at http://www.courtclerk.org under case number B-1901397. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

seeks to have charges dismissed on speedy trial grounds.") (Report & Recommendation), *adopted*, 2017 WL 2972151 (S.D. Ohio July 12, 2017).

In response to the Court's Order to show cause, petitioner claims that he has requested to be brought to trial through trial counsel. (Doc. 4 at PageID 24-25). He further reiterates his claim that the pending charges should be dismissed.[3] (*Id.* at PageID 23, 26). Petitioner has otherwise made no showing that he has exhausted his speedy trial claims in the Ohio courts or requested federal habeas relief in the form of an order requiring that he be promptly brought to trial.

Accordingly this action should be dismissed without prejudice for lack of exhaustion and because petitioner's requested relief is not properly brought in a pretrial § 2241 petition, *see Atkins,* 644 F.2d at 546-48.

---

[3] The undersigned ordered petitioner to show cause why this federal habeas action should not be dismissed without prejudice. (Doc. 3). In responding to the order petitioner appears to argue that the pending state criminal action should not be dismissed without prejudice, but should be dismissed with prejudice. (*See* Doc. 4 at PageID 26).

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's pro se petition for a writ of habeas corpus be **DISMISSED** without prejudice to refiling after petitioner has exhausted all available state court remedies.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis.*  See Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DURRELL DAVIS,<br>　　　Petitioner,<br><br>　　　v.<br><br>WARDEN, HAMILTON COUNTY<br>JUSTICE CENTER,<br>　　　Respondent. | Case No. 1:21-cv-433<br><br>McFarland, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).